UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| JAMES LAIL,<br><br>     Plaintiff,<br><br>vs.<br><br>SEABOARD FOLDING BOX CORPORATION, SFBC, LLC, ALLEN RABINOW, THOMAS H. QUINN, AND JOHN W. JORDAN<br><br>     Defendants | CIVIL ACTION NO.: 4:10-CV-40141 |

## ANSWER OF DEFENDANTS, SFBC, LLC AND ALLEN RABINOW

The Defendants, SFBC, LLC and Allen Rabinow (hereinafter "Defendants"), hereby submit this Answer to the Complaint and Jury Demand filed by Plaintiff, James Lail, in Worcester Superior Court, and removed to this Court by Defendants on July 19, 2010.

### Parties

1. Defendants admit that James Lail is an individual. Defendants are without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 1.

2. Defendants are not required to give a response to this Paragraph as it does not pertain to them.

3. Defendants admit the allegations of Paragraph 3.

4. Defendants admit that Allen Rabinow is an individual. Defendants deny all remaining allegations in Paragraph 4.

5. Defendants are not required to give a response to this Paragraph as it does not pertain to them.
6. Defendants are not required to give a response to this Paragraph as it does not pertain to them.

**Factual Background**

7. Defendants incorporate its answers to Paragraphs 1-6 of the Complaint as if fully stated herein.
8. Defendants admit the allegation to the extent that in or around August 2009, Mr. Rabinow contacted Lail about the Plant Manager position. Defendants deny all remaining allegations. By way of further response, although Lail indicates that "Seaboard Folding Box Corporation" and "SFBC, LLC" will hereinafter be referred to jointly as "'Seaboard' because they were Lail's joint employers," Defendants assert that Seaboard Folding Box Corporation and SFBC, LLC are entirely separate entities and this Answer is submitted solely on behalf of SFBC, LLC as well as on behalf of Mr. Rabinow. Therefore, throughout the Answer, Defendants will treat each allegation where "Seaboard" is referenced as only including "SFBC, LLC" and not "Seaboard Folding Box Corporation."
9. Defendants admit Paragraph 9.
10. Defendants admit Paragraph 10. The document attached as Exhibit 1 to Lail's Complaint speaks for itself.
11. The document attached as Exhibit 1 to Lail's Complaint speaks for itself.
12. Defendants deny these allegations.
13. Defendants deny these allegations.

14. Defendants deny these allegations.

15. Defendants deny these allegations.

16. Defendants deny any and all inferences or implications of unlawful conduct, deny that any such unwelcome conduct ever occurred and otherwise deny these allegations.

17. Defendants deny any and all inferences or implications of unlawful conduct, deny that any such unwelcome conduct ever occurred and otherwise deny these allegations.

18. Defendants deny any and all inferences or implications of unlawful conduct, deny that any such unwelcome conduct ever occurred and otherwise deny these allegations.

19. Defendants deny any and all inferences or implications of unlawful conduct, deny that any such unwelcome conduct ever occurred and otherwise deny these allegations.

20. Defendants deny any and all inferences or implications of unlawful conduct, deny that any such unwelcome conduct ever occurred and otherwise deny these allegations as written.

21. Defendants deny any and all inferences or implications of unlawful conduct, deny that any such unwelcome conduct ever occurred and otherwise deny these allegations.

22. Defendants deny any and all inferences or implications of unlawful conduct, deny that any such unwelcome conduct ever occurred and otherwise deny these allegations.

23. Defendants deny any and all inferences or implications of unlawful conduct, deny that any such unwelcome conduct ever occurred and otherwise deny these allegations.
24. Defendants deny any and all inferences or implications of unlawful conduct, deny that any such unwelcome conduct ever occurred and otherwise deny these allegations.
25. Defendants deny any and all inferences or implications of unlawful conduct, deny that any such unwelcome conduct ever occurred and otherwise deny these allegations.
26. Defendants deny these allegations.
27. Defendants are without knowledge or information sufficient to admit or deny whether Lail contacted a "union representative" and, therefore, deny this and all other allegations in this Paragraph.
28. Defendants are without knowledge or information sufficient to admit or deny whether Lail contacted a "union representative" and, therefore, deny this and all other allegations in this Paragraph.
29. Defendants deny these allegations.
30. Defendants deny any and all inferences or implications of unlawful conduct, deny that any such unwelcome conduct ever occurred and otherwise deny these allegations.
31. Defendants deny any and all inferences or implications of unlawful conduct, deny that any such unwelcome conduct ever occurred and otherwise deny these allegations.

32. Defendants deny any and all inferences or implications of unlawful conduct, deny that any such unwelcome conduct ever occurred and otherwise deny these allegations.

33. To the extent these allegations are based upon Lail's purported feelings or beliefs, Defendants are without sufficient information to admit or deny them and, therefore, deny same, leaving Plaintiff to his proof. Defendants otherwise deny any and all inferences or implications of unlawful conduct, deny that any such unwelcome conduct ever occurred and otherwise deny these allegations.

34. Defendants deny any and all inferences or implications of unlawful conduct, deny that any such unwelcome conduct ever occurred and otherwise deny these allegations.

35. Defendants deny any and all inferences or implications of unlawful conduct, deny that any such unwelcome conduct ever occurred and otherwise deny these allegations.

36. Defendants deny any and all inferences or implications of unlawful conduct, deny that any such unwelcome conduct ever occurred and otherwise deny these allegations.

37. Defendants deny any and all inferences or implications of unlawful conduct, deny that any such unwelcome conduct ever occurred and otherwise deny these allegations.

38. Defendants deny any and all inferences or implications of unlawful conduct, deny that any such unwelcome conduct ever occurred and otherwise deny these allegations.

39. Defendants deny any and all inferences or implications of unlawful conduct, deny that any such unwelcome conduct ever occurred and otherwise deny these allegations.

40. Defendants deny any and all inferences or implications of unlawful conduct, deny that any such unwelcome conduct ever occurred and otherwise deny these allegations.

41. Defendants deny any and all inferences or implications of unlawful conduct, deny that any such unwelcome conduct ever occurred and otherwise deny these allegations.

42. Defendants deny any and all inferences or implications of unlawful conduct, deny that any such unwelcome conduct ever occurred and otherwise deny these allegations.

43. Defendants admit this allegation only to the extent that Lail's termination date was November 9, 2009. Defendants deny all other allegations in this Paragraph.

44. The document attached to Lail's Complaint as Exhibit 2 speaks for itself.

45. Defendants deny any and all inferences or implications of unlawful conduct, deny that any such unwelcome conduct ever occurred and otherwise deny these allegations.

### Alter Ego and Joint Employer Liability

46. Defendants incorporate its answers to Paragraphs 1-45 of the Complaint as if fully stated herein.

47. Defendants are not required to respond to this Paragraph as it does not pertain to them.

48. This Paragraph does not require a response as any documents on file with the Massachusetts Secretary of State's Office speak for themselves.

49. Defendants deny that "Seaboard Folding Box Corporation" was Lail's employer and otherwise deny these allegations.

50. The document speaks for itself and therefore requires no response.

51. The document speaks for itself and therefore requires no response.

52. The document speaks for itself and therefore requires no response.

53. Defendants admit Paragraph 53.

54. The document speaks for itself and therefore requires no response.

55. Defendants deny these allegations.

56. Defendants deny these allegations.

57. Defendants deny these allegations.

58. Defendants deny these allegations.

### **Exhaustion of Administrative Remedies**

59. Defendants incorporate their answers to Paragraphs 1-58 of the Complaint as if fully stated herein.

60. Defendants deny any and all inferences or implications of unlawful conduct contained in this Paragraph. Defendants admit the remaining allegations with the clarification that Lail's Charge was dually filed with the EEOC.

61. Defendants admit this Paragraph insofar as Plaintiff was issued a Notice of Dismissal for the specific claims he brought at the MCAD.

62. Defendants admit this Paragraph insofar as Plaintiff was issued a right to sue letter for the specific claims that were filed at the EEOC.

## Legal Claims

### COUNT I
(Lail v. Seaboard Folding Box Corporation and SFBC, LLC)
**VIOLATION OF 42 U.S.C. § 2000e-2-(a) – HOSTILE WORK ENVIRONMENT**

63. Defendants incorporate their answers to Paragraphs 1-62 of the Complaint as if fully stated herein.

64. Defendants deny any inference or implication contained in this Paragraph that it engaged in any unlawful conduct. No response is otherwise required on the part of Defendants as the language of Title VII speaks for itself.

65. Defendants deny any inference or implication contained in this Paragraph that it engaged in any unlawful conduct. No response is otherwise required on the part of Defendants as the language of Title VII speaks for itself.

66. Defendants deny any inference or implication contained in this Paragraph that Lail was in any way aggrieved. No response is otherwise required on the part of Defendants as the language of Title VII speaks for itself.

67. Defendants deny these allegations.

68. Defendants deny these allegations.

69. Defendants deny these allegations.

70. Defendants deny these allegations.

71. Defendants deny that the damages sought are appropriate and that any unlawful conduct occurred. Defendants otherwise deny these allegations.

## COUNT II
(Lail v. Seaboard Folding Box Corporation, SFBC, LLC, Rabinow, Jordan, and Quinn)
**VIOLATION OF M.G.L. c. 151B, § 4(1) – HOSTILE WORK ENVIRONMENT**

72. Defendants incorporate their answers to Paragraphs 1-71 of the Complaint as if fully stated herein.

73. Defendants deny any inference or implication contained in this Paragraph that they engaged in any unlawful conduct. No response is otherwise required on the part of Defendants as the language of Mass. Gen. L. Chapter 151B speaks for itself.

74. Defendants deny these allegations.

75. Defendants deny these allegations.

76. Defendants deny these allegations.

77. Defendants deny these allegations.

78. Defendants deny that the damages sought are appropriate and that any unlawful conduct occurred. Defendants otherwise deny these allegations.

## COUNT III
(Lail v. Seaboard Folding Box Corporation and SFBC, LLC)
**VIOLATION OF 42 U.S.C. § 2000e-3 – UNLAWFUL RETALIATION**

79. Defendants incorporate their answers to Paragraphs 1-78 of the Complaint as if fully stated herein.

80. Defendants deny any inference or implication contained in this Paragraph that they engaged in any unlawful conduct. No response is otherwise required on the part of Defendants as the language of Title VII speaks for itself.

81. Defendants deny these allegations.

82. Defendants deny these allegations.

83. Defendants deny these allegations.

84. Defendants admit the allegation only to the extent that Lail was, in fact, terminated. Defendants deny any inference or implication contained in this Paragraph that the termination was unlawful and otherwise deny the allegations.

85. Defendants deny these allegations.

86. Defendants deny that the damages sought are appropriate and that any unlawful conduct occurred. Defendants otherwise deny these allegations.

COUNT IV
(Lail v. Seaboard Folding Box Corporation, SFBC, LLC, Rabinow, Quinn and Jordan)
**VIOLATION OF M.G.L. c. 151B, § 4(4) – UNLAWFUL RETALIATION**

87. Defendants incorporate their answers to Paragraphs 1-86 of the Complaint as they fully stated herein.

88. Defendants deny any inference or implication contained in this Paragraph that it engaged in any unlawful conduct. No response is otherwise required on the part of Defendants as the language of Mass. Gen. L. Chapter 151B speaks for itself.

89. Defendants deny these allegations.

90. Defendants deny these allegations.

91. Defendants deny these allegations.

92. Defendants admit the allegation only to the extent that Lail was, in fact, terminated. Defendants deny any inference or implication contained in this Paragraph that the termination was unlawful and otherwise deny the allegations.

93. Defendants deny these allegations.

94. Defendants deny that the damages sought are appropriate and that any unlawful conduct occurred. Defendants otherwise deny these allegations.

# COUNT V
## (Lail v. Rabinow, Quinn and Jordan)
### VIOLATION OF M.G.L. c. 151B, § 4(4A) – INTERFERENCE WITH PROTECTED RIGHTS

95. Defendants incorporate their answers to Paragraphs 1-94 of the Complaint as if fully stated herein.

96. Defendants deny any inference or implication contained in this Paragraph that they engaged in any unlawful conduct. No response is otherwise required on the part of Defendants as the language of Mass. Gen. L. Chapter 151B speaks for itself.

97. Defendants deny any inference or implication contained in this Paragraph that they engaged in any unlawful conduct and otherwise deny the allegations.

98. Defendants deny these allegations.

99. Defendants are not required to respond to the allegations in this Paragraph as it does not pertain to them. If and to the extent these allegations imply that Quinn and Jordan have the authority and duty to act on behalf of SFBC, LLC, Defendants deny such allegations.

100. Defendants are not required to respond to the allegations in this Paragraph as it does not pertain to them. If and to the extent these allegations imply that Quinn and Jordan have the authority to act on behalf of SFBC, LLC, Defendants deny such allegations.

101. Defendants are not required to respond to the allegations in this Paragraph as it does not pertain to them. If and to the extent these allegations imply that Quinn

and Jordan have the authority to act on behalf of SFBC, LLC, Defendants deny such allegations.

102. Defendants deny that the damages sought are appropriate and that any unlawful conduct occurred. Defendants otherwise deny these allegations.

COUNT VI
(Lail v. Rabinow, Quinn and Jordan)
**VIOLATION OF M.G.L. c. 151B, § 4(5) – AIDING, ABETTING, INCITING, COMPELLING, OR COERCING UNLAWFUL DISCRIMINATION**

103. Defendants incorporate their answers to Paragraphs 1-102 of the Complaint as if fully stated herein.

104. Defendants deny any inference or implication contained in this Paragraph that they engaged in any unlawful conduct. No response is otherwise required on the part of Defendants as the language of Mass. Gen. L. Chapter 151B speaks for itself.

105. Defendants deny these allegations.

106. Defendants deny these allegations.

107. Defendants deny these allegations.

108. Defendants deny that the damages sought are appropriate and that any unlawful conduct occurred. Defendants otherwise deny these allegations.

COUNT VII
(Lail v. Rabinow)
**INTENTIONAL INTERFERENCE WITH AN EMPLOYMENT RELATIONSHIP**

109. Defendants incorporate their answers to Paragraphs 1-108 of the Complaint as if fully stated herein.

110. Defendants admit the allegation only to the extent that Lail was employed at SFBC, LCC. Defendants otherwise deny these allegations.

111. Defendants deny these allegations.

112. Defendants deny these allegations.

113. Defendants deny these allegations.

114. Defendants deny these allegations.

115. Defendants deny that the damages sought are appropriate and that any unlawful conduct occurred. Defendants otherwise deny these allegations.

## AFFIRMATIVE DEFENSES

1. Some or all of Plaintiff's claims are barred by the applicable statute of limitations.

2. Plaintiff has failed to state a claim for which relief can be granted.

3. Plaintiff has failed to exhaust his administrative remedies with respect to some of the claims.

4. Defendants exercised reasonable care to prevent and promptly correct any alleged unlawful harassing behavior, and Plaintiff unreasonable failed to take advantage of any preventive or corrective opportunities to avoid harm.

5. Plaintiff was not subjected to an adverse employment action because of any protected activity.

6. Defendants had legitimate, non-retaliatory reasons for terminating Plaintiff's employment.

7. If and to the extent Count VII sounds in contract law, Plaintiff was, at all times during his employment, an employee at-will.

8. If and to the extent Count VII sounds in contract law and if any "contract" existed, Plaintiff, not Defendant Rabinow, was the cause of any breach.

9. If and to the extent Count VII sounds in contract law, Plaintiff's claims are barred by the Statute of Frauds, estoppel and unclean hands.

10. Plaintiff has failed to mitigate his damages.

Respectfully Submitted,

/s/ Amy B. Royal, Esq.
Amy B. Royal, Esq.
BBO No.: 647175
Counsel for Defendant
Royal & Klimczuk, LLC
52 Center Street
Northampton, MA 01060
Tel. (413) 586-2288/Fax: (413) 586-2281
aroyal@rkesq.com

Dated: July 23, 2010

### CERTIFICATE OF SERVICE

I hereby certify that a true and accurate copy of the foregoing **Answer of Defendants, SFBC, LLC and Allen Rabinow** was served upon counsel for the Plaintiff via e-mail through the Court's CM/ECF System on July 23, 2010.

/s/ Amy B. Royal, Esq.
Amy B. Royal, Esq.