UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

|  |  |
|---|---|
| JAMES LAIL,<br><br>                    Plaintiff,<br><br>v.<br><br>SFBC, LLC AND ALLEN RABINOW,<br><br>                    Defendants. | :<br>:<br>:<br>:<br>:<br>:   CIVIL ACTION NO.: 4:10-CV-40141<br>:<br>:<br>:<br>:<br>: |

## MEMORANDUM OF LAW IN SUPPORT OF DEFENDANT'S OPPOSITION TO PLAINTIFF'S MOTION FOR PROTECTIVE ORDER

Defendants, SFBC, LLC and Allen Rabinow ("Defendants"), hereby oppose Plaintiff's

Motion for Protective Order Related to the Location of His Deposition, requesting that this Court

order the Plaintiff's deposition to take place in Utah or by phone, and respectfully submit this

Memorandum of Law in support thereof.

## I.    STATEMENT OF FACTS

Plaintiff accepted employment with the Defendant on or about August 17, 2009.

Plaintiff's employment was terminated on November 9, 2009.  Plaintiff thereafter filed a suit

against Defendants alleging retaliatory discharge and harassment in Worcester County Superior

Court on June 20, 2010.  See Complaint and Demand for Jury Trial at ¶¶ 4-5.  Plaintiff's

Complaint was subsequently removed to this Court.  Id.  To the Defendant's knowledge, at no

time thereafter has Plaintiff objected to this Court's jurisdiction nor has he attempted to remove

this matter to another jurisdiction.

Defendants served Plaintiff with a first Notice for Taking Deposition in this matter on

May 19, 2011 (Exhibit A).  Defendants' counsel received no response to this Notice until

June 16, 2011—thirty days after it was served—and thereafter, received only communication

- 2 -

from Plaintiff's counsel that Plaintiff refused to appear in Massachusetts on the date noticed for the taking of his deposition.

Defendants' counsel, in an attempt to accommodate Plaintiff's schedule, and understanding that the date proposed in the Notice might not be amenable to Plaintiff proposed— on multiple occasions—that Plaintiff's counsel provide alternative dates for the deposition to take place at counsel's office, located within this Court's jurisdiction in Northampton, Massachusetts. (Exhibit B, E-mail correspondence between counsel.)

Plaintiff's counsel refused to provide any alternative dates but rather only reiterated that his client would not appear in Massachusetts. See id. Moreover, Plaintiff's counsel would not provide any reason—factual or legal—in support of his client's refusal to appear in person for deposition. See id. On July 18, 2011, when Plaintiffs' counsel informed Defendants' counsel that Plaintiff refused to appear in Massachusetts for the deposition noticed for July 21, 2011, Defendants' counsel again requested factual support and legal authority for Plaintiff's position. Counsel both agreed that Plaintiff would provide such authority by July 20, 2011. See id. During this same communication, Defendant's counsel informed Plaintiff's counsel that a Motion for Protective Order would be the appropriate response if Plaintiff refused to comply with the terms set out in the Notice for Taking Deposition. See id.

On July 20, 2011, having yet to hear a response from Plaintiff's counsel, Defendants' counsel—without any knowledge of the factual or legal objections for Plaintiff's refusal to travel to Massachusetts—again reached out to Plaintiff's counsel to propose an alternative date for the deposition. See id. Hearing no reply, and under the impression and belief from that Plaintiff would not appear in Massachusetts for deposition on July 21, 2011 (e.g., the next day), Defendants served Plaintiff with a second Notice of Taking Deposition to be held on August 2,

- 2 -

2011, in Massachusetts.  (Exhibit C)

Defendants were served with Plaintiff's Motion for a Protective Order Related to the Location of His Deposition on July 27, 2011, almost a week after the scheduled date for deposition, sixty-nine days after the first Notice of Taking Deposition was served, and only six days before the date set per the second Notice of Taking Deposition.

Defendants oppose Plaintiff's Motion for the following reasons, which are supported by this Memorandum:

(1)     Petitioner's Motion for Protective Order is dilatory and unseasonable as it was filed on July 27, 2011—69 days after the operative Notice for Taking Deposition was served upon him, six days after the day noticed for deposition, and six days before the date noticed in the second Notice for Taking Deposition.  See, *Anderson v. Avco Embassy Pictures Corp., Et Al.* 38 Fed. R. Serv. 2d 1491 (D. Mass) (1984);

(2)     Plaintiff fails to show cause—through either showing unreasonable hardship or special circumstances—that the issuance of a protective order for a deposition to take place outside of the forum is appropriate.  See, *Prozina Shipping Co., Ltd., v. Thirty-Four Automobiles and their Contents,* 179 F.R.D. 41 (D. Mass.) (1998); and

(3)     Plaintiff fails to meet his burden to show cause for this Court to issue a protective order as to the location of the deposition.  Specifically, Plaintiff's only stated objection to the location of the deposition is an unspecified amount of airfare that Plaintiff might have to incur. Plaintiff fails to state with specificity what the cost of such airfare might be, and fails to provide any evidence as to the burden upon him to substantiate economic hardship, yet expects this Court to exercise its discretion to limit the location and manner of the deposition.

## II.    ARGUMENT

### A.    PLAINTIFF IS NOT ENTITLED TO A PROTECTIVE ORDER AS HIS REQUEST IS DILATORY AND UNSEASONABLE

Plaintiff's request for protective order related to the place of his deposition is dilatory and not seasonable and therefore, should be denied.  Where a movant is dilatory, unseasonable, and offers no explanation for the delay in his request for a protective order, denial of the motion is appropriate.  See, *Anderson v. Avco Embassy Pictures Corp., Et Al.,* 38 Fed. R. Serv. 2d 1491 (D. Mass) (1984) (motion for protective order filed seven weeks after the movant was first served with notice for taking deposition and one day before date set for deposition in the notice was properly denied for not being seasonable).

Plaintiff filed his Motion for Protective Order almost <u>ten</u> weeks after he was first served with Notice for Taking Deposition and six days <u>after</u> the date set for deposition in that Notice. Petitioner had ample opportunity and time to file the present Motion after first served with Notice for Taking Deposition, and had ample time and opportunity to file the present Motion after notifying counsel that he refused to appear in Massachusetts for the taking of his deposition. Instead, and only after Defendants' counsel informed Plaintiff's counsel that seeking a protective order would be the appropriate manner to oppose the Notice for Taking Deposition, did Plaintiff commence the present Motion—six days <u>after</u> the first date scheduled for deposition and only six days <u>prior</u> to the date set forth in the second Notice for Taking Deposition.  Thus, because Plaintiff had ample opportunity to seek a protective order during the time allowed for discovery, and because he has not offered any explanation for his delay, his Motion should be denied.

**B.     PLAINTIFF HAS NOT MET HIS BURDEN TO SHOW THAT A PROTECTIVE ORDER IS WARRANTED**

Plaintiff has failed to show good cause—either through showing unreasonable hardship or special circumstances—that a protective order related to the location of his deposition is warranted.   See, *Prozina Shipping Co., Ltd., v. Thirty-Four Automobiles and their Contents,* 179 F.R.D. 41 (D. Mass.) (1998), citing, *Slade v. Transatlantic Financing Corporation,* 21 F.R.D. 146, 146 (S.D.N.Y. 1957) ("in the absence of a showing of unreasonable hardship . . . [or] special circumstances," a plaintiff residing in England was required to appear for deposition in New York—the forum he had chosen).  Plaintiff has brought suit in this Court and having chosen to bring this action in this forum, Plaintiff cannot now argue that it would be too burdensome for it to appear for discovery here.  Id.

Plaintiff's objection to his appearance in Massachusetts is based on the economic factors, however, he has neither shown that his travel would incur unreasonable hardship nor has he definitively established any special circumstances that would warrant granting of his Motion. Specifically, Plaintiff asserts that:  (1) he currently earns $75,000 a year at his employment in Utah;  (2) he has no savings; and (3) that he cannot afford to take time off from work for the taking of his deposition in Massachusetts.  See Affidavit of James Lail in Support of Non-Resident Plaintiff's Motion for a Protective Order Related to His Deposition at ¶¶ 8-10.

It is important to note that although Plaintiff has submitted an affidavit as to these assertions, he has not provided any substantiation for these claims.  Moreover, Plaintiff has not adequately shown how a person making $75,000 in Utah is not financially able to afford travel costs to appear for deposition in the jurisdiction in which he has maintained his suit.  Generally, unverified and undocumented assertions that the assumed costs a party might incur to appear in person for taking a deposition are onerous fail to adequately meet the burden on the movant to

- 5 -

show that the economic burden would be unreasonable. *In re Good Hope Industries, Inc.*, 14 B.R. 942, 947 (Bankr. D. Mass 1981).

In addition to Plaintiff's failure to meet the burden upon him, his Motion requesting that the place of the deposition—as the <u>first</u> alternative—be relocated to Utah and—as a <u>second</u> alternative—be conducted telephonically, is nonsensical and contradictory to his argument that the Plaintiff cannot bear the expenses associated with the taking of his deposition in Massachusetts.

To wit, if this Court grants Plaintiff's Motion that the deposition be held in Utah, it would seem implausible that Plaintiff's counsel would not appear in person to defend the deposition. Accordingly, and unless Plaintiff's counsel is providing his counsel *pro bono*, Plaintiff will be paying costs associated with his counsel's airfare, travel, lodging and incidentals. Defendants would offer that it would be, comparatively, more economical for Plaintiff to incur these costs himself, rather than reimburse his counsel for travel and other costs. Moreover, whether the deposition occurs in Utah or Massachusetts, Plaintiff would be required to miss work, although Defendants have continually offered to schedule the deposition in Massachusetts on a day and time convenient for the Plaintiff including, weekends.

In his Motion, Plaintiff also argues that his deposition should take place no more than one hundred miles from his residence. See, Fed. R. Civ. P. 45(c)(3)(A)(ii). We note that this rule generally applies to <u>witnesses</u> and here, the affiant is the Plaintiff. Noting that the Plaintiff can seek the forum in which he chooses to bring suit, the Federal Rules of Civil Procedure recognize that the deposition of a <u>party</u> to a suit usually occurs where the noticing party designates. See Fed. R. Civ. P 30(b). In fact, the Plaintiff has already commenced his deposition of Defendant Rabinow in Massachusetts where, given the allegations made against the Defendant, all counsel

are afforded the opportunity to appear in person to take, defend, and witness Mr. Rabinow's demeanor.

Although the Federal Rules of Civil Procedure do authorize a court to protect a party from deposition or to designate an alternative location or manner for deposition, such powers are contingent upon the movant establishing good cause. See, generally, Fed. R. Civ. P. 26. In the instant case, there is simply no evidence, aside from the Plaintiff and his counsel's own statements that the Plaintiff lacks the economic resources to travel to Massachusetts.

As the Plaintiff acknowledges in his own Memorandum, a court may—under Fed. R Civ. P. 26—specify a different method for deposition even absent, as it the case here, a showing of good cause. See, Fed. R. Civ. P. 26(c)(1). The court's discretion to take such an extraordinary approach that would be contrarily to the well-established need for cause, requires—at a minimum—both a showing that both justice demands that the taking of the deposition be relocated elsewhere and that the movant has presented the court with verified facts that establish that Plaintiff will continue to experience an ongoing burden or hardship. See, Fed. R. Civ. P. 26(c)(2); *In re Good Hope Industries, Inc.*, 14 B.R. 942, 947 (Bankr. D. Mass 1981).

In the underlying Motion, Plaintiff has not shown that justice warrants this Court's determination of a different location for the taking of his deposition nor has he shown that his hardship will endure. The facts alleged in Plaintiff's Motion and Memorandum are unverified, thus, any argument that but for Defendant's termination of Plaintiff's employment Plaintiff neither be located in Utah nor would he be unable to afford travel costs to Massachusetts for his deposition are unsettled conjecture. Id. Accordingly, because Plaintiff as failed to show cause or establish that justice warrants that his deposition occur in Utah or telephonically, the Court must deny Plaintiff's Motion.

- 7 -

### C.    DEFENDANTS ARE ENTITLED TO COSTS INCURRED IN THE DEFENSE OF PLAINTIFF'S MOTION

Where a party seeks a protective order, and the court denies the Motion, the court "shall require the moving party to pay" the reasonable expenses incurred in opposing the motion, and such award may include attorney's fees. Fed. R. Civ. P. 37(a); *LFE Corp v. Drytek, Inc.,* Civil Action No. 81-2909N (D. Mass) (1983). Accordingly, this Court *must* enter an order awarding reasonable expenses, and may include attorney's fees in that award.

## IV.  CONCLUSION

Plaintiff, through his unseasonable Motion, has completely failed to show cause for the entry of a protective order that the deposition of the affiant must occur either in Utah or telephonically. This Court should therefore deny the Plaintiff's Motion, order that the deposition take place at the offices of Defendants' counsel in Northampton, Massachusetts, and award Defendants the costs incurred by Plaintiff's unjustified opposition to the location of the Lail deposition, (including the costs incurred in opposing the motion), and order such other relief as the Court deems proper.

WHEREFORE, and based on the foregoing, Defendants respectfully request that this Court deny Plaintiff's Motion for a Protective Order Related to the Location of His Deposition; and

WHEREFORE, and based on the foregoing, Defendants move, in the alternative, that if this Court grants Plaintiff's Motion for a Protective Order Related to the Location of His Deposition, that the deposition be order to take place in Utah, with Petitioner's counsel to appear in person, in accordance with the Plaintiff's preference.

Respectfully submitted,

/s/ Amy B. Royal, Esq.
Amy B. Royal, Esq.
BBO No. 647175
Counsel for Defendants
ROYAL LLP
270 Pleasant Street
Northampton, MA 01060
Tel. (413) 586-2288/Fax: (413) 586-2281
Dated:  August 1, 2011                                   Email: aroyal@royalllp.com

## CERTIFICATE OF SERVICE

I hereby certify that a true and accurate copy of the foregoing *Memorandum of Law in Support of Defendants' Opposition to Plaintiff's Motion for Protective Order* was served upon the attorney of record for each other party via the Court's CM/ECF Electronic Case Filing system on July 29, 2011.

/s/ Amy B. Royal, Esq.
Amy B. Royal, Esq.

- 9 -