# EXHIBIT B

**Ann-Marie Marcil**

| | |
|---|---|
| **From:** | Amy Royal |
| **Sent:** | Thursday, July 14, 2011 8:17 PM |
| **To:** | crodman@rwdm.com |
| **Cc:** | Ann-Marie Marcil |
| **Subject:** | Lail v. SFBC, LLC et al |

Good evening, Chuck,

Since you are the partner who has appeared on this matter, I need to discuss some issues with you relative to the depositions that had been noticed for Tuesday and Thursday of next week. Deborah Ferriter, one of the attorneys in my office, has been attempting to communicate with your associate, Matt Wayne, who I am aware is currently on vacation and not expected to return until Monday, which is just one day before two of the depositions that she needs to speak with him about. There are outstanding issues that must be dealt with immediately; namely, Mr. Wayne has stated that the Plaintiff will not appear at his deposition next week. We have explained to Mr. Wayne that because Mr. Lail has brought this action in this state, we have a right to depose him here, in person and that he has an obligation to appear at his deposition. Therefore, we have told Mr. Wayne we expect Mr. Lail to be at his deposition, but are agreeable to exploring a different date if that is more convenient for all parties. Despite those conversations, Mr. Wayne continues to insist that Mr. Lail will not be present for it.

We also have stated that Tuesday's depositions must be postponed. To try to be accommodating to Mr. Wayne while he's been away, we suggested, since there are issues that need to be dealt with prior to the depositions, that we postpone all three of next week's depositions to another date, even for the very next week. We also are interested in revisiting settlement discussions and would rather not incur unnecessary, immediate costs if such talks look promising. Rather than working with us within a very reasonable timeframe, it seems Mr. Wayne would rather have us involve the court with regard to Tuesday's depositions, which I can do, but believe if I need to do that, it may look odd to the court as to why this can't just be resolved, especially since we are willing to try to pick a date the following week. Indeed, this seems like something we could easily work out without court intervention given that we are agreeable to trying to select deposition dates that very next week.

Please let me know if you are agreeable to holding off on the three depositions that had been noticed for next week, which includes Mr. Lail's. Then, when Mr. Wayne returns we can iron out any issues, if possible, explore potential settlement and select dates for the depositions. Because of the time constraints involved, could you please try to get back to me by no later than tomorrow, Friday July 15 at 3pm as to what your position is? I'd really appreciate that. Thank you. Amy

Amy B. Royal, Esq.
Royal LLP
270 Pleasant Street
Northampton, Massachusetts 01060
Tel.: (413) 586-2288
Fax: (413) 586-2281

1

www.royalllp.com

Royal LLP is certified with the State Office of Minority and Women's Business Assistance as a women's business enterprise. Royal LLP is also certified with the Center for Women & Enterprise. For the latest labor and employment law developments, visit our blog at www.royalllp.com/blog and follow us on Twitter at http://twitter.com/royalllp

This e-mail message is confidential, intended only for the named recipient(s) above and may contain information that is a trade secret, proprietary, privileged or attorney work product. If you have received this message in error, or are not the named or intended recipient(s), please immediately notify the sender at (413) 586-2288 and delete this e-mail message and any attachments from your workstation or network mail system. If you work for or are yourself a client of Royal LLP, this e-mail is protected by the attorney-client privilege and the work product doctrine. This e-mail is not intended for release to opposing parties, opposing counsel or any other third person or entity. Copies of this e-mail should not be kept in your regular files. If you print a copy of this e-mail, place it in a separate file labeled "Attorney-Client Privilege." DO NOT PRODUCE A COPY OF THIS E-MAIL IN DISCOVERY.

## Ann-Marie Marcil

**From:**       Amy Royal
**Sent:**       Friday, July 15, 2011 4:38 PM
**To:**         Matthew J. Wayne
**Cc:**         Chloe Finklestein; Charles Rodman
**Subject:**    Re: Lail v. SFBC, LLC et al.

Matt,
Ben reached out to you since it is Friday afternoon, making sure that your call did not go unreturned. Both Deb and I have been unavailable due to federal court matters.

We were trying to accommodate you by moving Mr. Lail's deposition since it seemed like you had not told him he needed to be physically present at his deposition. Please be advised that he absolutely, as the plaintiff in this matter, must attend his deposition in person. In fact, we have the right to assess him and his credibility by seeing him face to face. We are otherwise ready to proceed.

July 29 for Mr. Boudreau and Ms. Palmer?

Amy B. Royal, Esq.
Sent from my iPhone

On Jul 15, 2011, at 4:21 PM, "Matthew J. Wayne" <mwayne@rwdm.com> wrote:

> Amy:
>
> I just spoke with Benjamin Bristol from your office. I indicated to Ben that I am agreeable to moving the depositions scheduled for July 19th to the following week, but that such an agreement would not be contingent on an agreement that my client's deposition would take place in Massachusetts the following week. I believe our client's position on the location of his deposition has been made sufficiently clear (although I disagree with how you have characterized the communication of that position) and I proposed that you and I (or Deborah) confer about it upon my return to the office on Monday, so that any motion practice regarding my client's deposition can be accomplished after we confer.
>
> Despite my offer to move the depositions scheduled for the 19th to the following week, I was told by Ben that he is not counsel of record and cannot commit to a new date (this, despite the fact that he reached out to me to confer about this matter).
>
> Unless I hear otherwise from you concerning a new date for your clients' depositions, we intend to move forward on the 19th as scheduled.
>
> Matt
>
> Sent from my iPhone

1

## Ann-Marie Marcil

**From:**      Amy Royal
**Sent:**      Tuesday, July 19, 2011 7:00 PM
**To:**        Matthew J. Wayne
**Subject:**   Re: Lail Deposition

Matt

You've either misconstrued or are misrepresenting our emails. We've acknowledged that you've said you weren't bringing him but we've repeatedly and consistently advised you that he must be present, that it is your responsibility to work with us to reschedule to a date when your client will appear at our offices if the date was not good or to seek a protective order from court. Im happy to renotice and will get that out to you. Amy

Amy B. Royal, Esq.
Sent from my iPhone

On Jul 19, 2011, at 6:49 PM, "Matthew J. Wayne" <mwayne@rwdm.com> wrote:

Amy:

We indicated on June 16, 2011 that he would not be present for his deposition. This has been reiterated to your office numerous times and your office has in fact confirmed that he would not be appearing as noticed. In any event, since he will not be appearing for his deposition on July 21st and you are agreeable to re-noticing his deposition for a date in August, please feel free to re-notice it and we will serve and file a motion.

Matt

Matthew J. Wayne

**Rodman, Walker & Di Marco LLC**

72 River Park

Needham, MA 02494

P 781.444.5600

F 781.444.5622

To ensure compliance with IRS requirements, please be informed that any tax advice contained in this communication including attachments, is not intended or written to be used, and cannot be used, for the purpose of (i) avoiding penalties under the Internal Revenue Code or (ii) promoting, marketing or recommending to another party any transaction or matter addressed herein. This message is intended only for the designated recipient. It may contain confidential or proprietary information and may be

1

subject to the attorney-client privilege or other confidentiality protections. If you are not a designated recipient, you may not review, copy or distribute this message. If you have received this message in error, please immediately notify the sender by reply e-mail or telephone (781.444.5600) and delete this message.

**From:** Amy Royal [mailto:ARoyal@royalllp.com]
**Sent:** Tuesday, July 19, 2011 6:38 PM
**To:** Matthew J. Wayne
**Cc:** Chloe Finklestein
**Subject:** Re: Lail Deposition

Matt,

Firstly, my email does not mischaracterize any communications that have taken place. We've maintained that your client must be present at his deposition as he is the plaintiff in this case. We noticed the deposition for Thursday. It's your obligation to seek a protective order. I've been willing to postpone the deposition if you need more time and remain willing to do that. I don't understand your stance as I have been trying to work with you. Absent a protective order from the court or my agreement to postpone the deposition, which like I've said many times I am willing to do, the deposition remains set for Thursday. Indeed, as I have repeatedly said, I am more than willing to postpone it to a different date so you can seek the protective order despite the fact that you should have done this immediately upon receiving our deposition notice. Do you want me to do that? Then we can pick an August date and that will give you the time you'd need. Please let me know because otherwise, like I've said, Lail's deposition is scheduled for Thursday. Thanks, Amy

Amy B. Royal, Esq.

Sent from my iPhone

On Jul 19, 2011, at 6:17 PM, "Matthew J. Wayne" <mwayne@rwdm.com> wrote:

> Amy:
>
> Your e-mail mischaracterizes the many communications that have taken place between our respective offices concerning the method and location of our client's deposition. On June 16, 2011, I informed Deborah that I objected to my client's deposition taking place in Massachusetts because he resides and works in the state of Utah. I memorialized that conversation in an e-mail to Deborah that very same day and reiterated that we would produce our client for his deposition either: (i) in the state of Utah where he resides and works; or (ii) by telephone as permitted by Fed. R. Civ. P. 30(b)(4). I invited Deborah to contact me to confer about this issue (as well as the issues concerning the other depositions that had been noticed) and did not hear back from her. On June 28, 2011, I reached out to Deborah in follow-up to my June 16th e-mail.

2

It was not until July 12, 2011 (nearly thirty days after my initial request to confer) that your office for the very first time indicated disagreement with my June 16th proposal to have our client's deposition take place in Utah or by telephone. In response to Deborah's e-mail, I informed her that I was on vacation and would be happy to confer with her by telephone upon my return to the office. On July 13, 2011, Deborah sent me an e-mail in which she confirmed that she understood my client is not available for his deposition on July 21, 2011. On July 14, 2011, you sent an e-mail to the partner on the case, Chuck Rodman, and made the proposal that my client's deposition be postponed (this, despite the fact it was already clear to your office that he was not available to be deposed in Massachusetts on that date, and that it was his position that he appear for his deposition in Utah, or by telephone).

In response to this e-mail, I attempted to contact you on July 15, 2011 (while on vacation) to address the concerns raised by your July 14, 2011 e-mail. Instead, I spoke with Benjamin Bristol, another attorney at your office. During my phone call with Ben, I made it very clear that my client is unavailable for his July 21st deposition and that we objected to our client appearing in Massachusetts for a deposition when he resides and works in the state of Utah. I also informed Ben that we intend to file a motion with the Court seeking an order that his deposition be permitted to take place in Utah, or by telephone. I also proposed that our offices confer about the issue once I returned to the office from vacation, on Monday, July 18, 2011. I memorialized this conversation in an e-mail sent directly to you, and in fact sent you another e-mail on that very same day asking for a time on July 18th when we could confer.

Just yesterday, Deborah and I spoke about, among other things, my client's position regarding the location and method of his deposition. I made it very clear to Deborah that it is our client's position that because he resides in the state of Utah, it would impose an unreasonable burden and undue hardship on him to be required to travel to Massachusetts for a deposition. I reiterated that it is our client's position that his deposition should take place within 100 miles of his principal residence or by telephone. I also indicated that we indeed intend to file a motion with the Court seeking an order related to the location of my client's deposition. She requested that I provide her with legal authority that supports our client's position and I agreed to do so – in fact, shortly after we spoke, I sent Deborah an e-mail confirming that I would provide her with correspondence that outlines such legal authority, and that I expected such correspondence would be provided by no later than Wednesday, July 20th.

Given the exhaustive discussions (dating back to June 16, 2011) that have taken place between our offices concerning this issue I am somewhat perplexed by your e-mail. It is our client's position – as has been communicated to your office on

3

numerous occasions – that he is not available for his deposition and, as a nonresident, should not be required to travel to Massachusetts to attend a deposition. We have agreed to produce him for his deposition in Utah, or by telephone, and your office has indicated you are not agreeable to this proposal. As such, we intend to file a motion with the Court seeking an order that his deposition may take place in Utah or by telephone on a date that is mutually agreeable for the parties. Just so we are clear now, my client is not available to be deposed in Massachusetts on July 21, 2011. I have never, at any point in time, insisted that his deposition go forward on that date. To the contrary, I have had numerous discussions with your office concerning my client's position that his deposition take place in Utah, or by telephone. Moreover, I take a very dim view of your suggestion that you alone decide whether or not his deposition goes forward, especially where your office (on two separate occasions) has unilaterally postponed your clients' depositions (even where one of the dates was in fact proposed by your office).

Please let me know whether you would still like me to provide Deborah with the legal authority she requested, or whether I should simply prepare the motion we intend to file with the Court.

Matt

Matthew J. Wayne

**Rodman, Walker & Di Marco LLC**

72 River Park

Needham, MA 02494

P 781.444.5600

F 781.444.5622

To ensure compliance with IRS requirements, please be informed that any tax advice contained in this communication including attachments, is not intended or written to be used, and cannot be used, for the purpose of (i) avoiding penalties under the Internal Revenue Code or (ii) promoting, marketing or recommending to another party any transaction or matter addressed herein. This message is intended only for the designated recipient. It may contain confidential or proprietary information and may be subject to the attorney-client privilege or other confidentiality protections. If you are not a designated recipient, you may not review, copy or distribute this message. If you have received this message in error, please immediately notify the sender by reply e-mail or telephone (781.444.5600) and delete this message.

4

**From:** Amy Royal [mailto:ARoyal@royalllp.com]
**Sent:** Tuesday, July 19, 2011 5:04 PM
**To:** Matthew J. Wayne
**Subject:** Lail Deposition

<image001.jpg>

Amy B. Royal, Esq.

aroyal@royalllp.com

Good afternnon, Matt:

I write to connect with you about Thursday's deposition of Mr. Lail, which is set for 10am in my office. You've repeatedly stated that Mr. Lail will not be present at his deposition. You know that we expect him, as the Plaintiff in this lawsuit, to be here in person and that he otherwise, per his deposition notice, has an obligation to appear here for it. As you know, we've been agreeable to postponing Mr. Lail's deposition if Thursday is not a convenient date for him and to accommodate his needs traveling from out of state. Even though you have repeatedly stated he will not attend on Thursday, you've also insisted that Thursday's deposition go forward, which I am very perplexed by. Just be aware that since this is my deposition, I decide whether or not it goes forward; however, like I've said, I'm agreeable to picking a different mutually agreeable time.

All of that being said, I want to understand what the plan is with respect to Thursday's deposition. I don't want to incovenience the court reporter or otherwise waste his/her time in showing up for a deposition that the Plaintiff apparently does not intend to attend. Can you please let me know what is going on here?

Also, just so you're aware, we are in the process of discussing a settlement offer and may be making one shortly. Thanks! Amy

270 Pleasant Street                        1350 Main Street

Northampton, Massachusetts 01060           Springfield, Massachusetts 01103

5

Tel.: (413) 586-2288

Fax: (413) 586-2281

www.royalllp.com

*Royal LLP is certified with the State Office of Minority and Women's Business Assistance as a women's business enterprise. Royal LLP is also certified with the Center for Women & Enterprise.*

*For the latest labor and employment law developments, visit our blog at*

*www.royalllp.com/blog and follow us on Twitter at http://twitter.com/royalllp*

This e-mail message is confidential, intended only for the named recipient(s) above and may contain information that is a trade secret, proprietary, privileged or attorney work product. If you have received this message in error, or are not the named or intended recipient(s), please immediately notify the sender at (413) 586-2288 and delete this e-mail message and any attachments from your workstation or network mail system.  If you work for or are yourself a client of Royal LLP, this e-mail is protected by the attorney-client privilege and the work product doctrine. This e-mail is not intended for release to opposing parties, opposing counsel or any other third person or entity. Copies of this e-mail should not be kept in your regular files. If you print a copy of this e-mail, place it in a separate file labeled "Attorney-Client Privilege." DO NOT PRODUCE A COPY OF THIS E-MAIL IN DISCOVERY.